EDWARD SHIELDS v. MARGARET SMITH et al.

*Witness—Evidence—Transaction with Deceased Persons.*

The assignor (vendor) of a contract to convey land, is not a competent witness for the assignee, upon an issue between the latter and those claiming under the deceased vendee in respect of payments made to him by such vendee. *The Code*, § 590.

This is a CIVIL ACTION, which was tried before *MacRae, J.*, at March Term, 1889, of HALIFAX Superior Court.

The case made in the complaint is this:

In the year 1878 or 1879, W. H. Smith entered into a contract with Jacob Smith to sell and to convey to him a parcel of land containing fifty acres, for 5,000 pounds of lint cotton, to be delivered in equal quantities in five successive years, upon the completion of which delivery a conveyance was to be made. This contract and all the interest of the vendor therein was assigned by him, in 1883, to the plaintiff,

under an agreement that title was to be retained as a security for the delivery of the residue of the cotton, then estimated to be 2,807 pounds of the value of $278. Jacob Smith died late in 1884, or early in the year following, leaving a wife and four children, who are defendants in the action. After the assignment, W. H. Smith and the plaintiff caused the fifty acres to be surveyed and laid off, with an express understanding that the estate should not be conveyed until the stipulations for the delivery of the cotton were fully complied with.

After the death of Jacob Smith, the plaintiff directed the vendor to prepare a deed conveying the land to the defendants, and to deliver the same to R. H. Smith, plaintiff's attorney, to be held as an *escrow*, and to deliver the same when the residue of the indebtedness of $278 was, with interest, discharged. The deed was, accordingly, so drawn, and delivered to R. H. Smith, who, before the contract was complied with, without plaintiff's consent, and, at the request of the defendant Margaret, delivered the deed to her, and she has caused it to be proved and registered. The prayer is, that said deed be declared inoperative and void, and that the land be sold to pay the residue of the indebtedness due therefor.

The defendants, answering, admit the making the contract of sale, and the delivery of the cotton at divers times by Jacob Smith, towards payment therefor, and deny that there was any, or, if any, very little, due from him on the contract. They controvert all the other allegations of the complaint, except that numbered 9, and say that the deed made by W. H. Smith was, and was intended to be, absolute and unconditional to the defendant Margaret. Several issues were submitted to the jury, of which the only one material to the matter brought up for review on the plaintiff's appeal was as to the amount still due on the land.

Upon this inquiry, the plaintiff proposed to prove by the said W. H. Smith what payments had been made to him by the deceased vendee during his life-time. To this proof the defendant objected, as coming within the prohibition of section 590 of *The Code,* and as a transaction between the witness and the deceased.

The objection was sustained, and the evidence refused, to which ruling the plaintiff excepts.

The defendants introduced, and after objection of plaintiff, were allowed to show by the defendant Margaret payments made by her on the land since the death of her husband. To this the plaintiff also excepts.

The jury rendered a verdict for the defendants, and from the judgment, pursuant thereto, the plaintiff appealed.

No counsel for the plaintiff.
*Mr. R. O. Burton, Jr.,* for the defendants.

SMITH, C. J. (after stating the case, as above). The second exception is so obviously untenable as not to have been pressed in the argument before us, and we accordingly dismiss it from further consideration, and proceed to examine the other.

The section of *The Code* which the proposed proof, coming from the original owner of the claim, is held to contravene, has been the prolific subject of controversy in adapting it to various cases which have been before the Court, as is shown by the numerous citations annexed to the section. The ruling which excluded the testimony of the witness, the plaintiff's assignor, as to the payments made by the deceased, is clearly within the prohibitory terms, for he is one "under whom a party (the plaintiff) derives his interest," and the payments were, severally, "a personal transaction" between them. Apparently, the evidence sought was adversary to the plaintiff, as tending to diminish his demand, but, as the

other evidence on the point is not stated, it may have been to reduce the payments in amount, and thus enlarge the unpaid residue and benefit the plaintiff. But the statute refuses to allow such witness to speak of a transaction, personal between himself and deceased, without reference to its effect upon the controversy, for the reason that the deceased ought, in reference to such, to be also heard, and, therefore, closes the lips of each party.

With the policy of the enactment we have nothing to do, but our duty is limited to ascertaining its import and giving effect to the legislative intent expressed.

There is no error.

Affirmed.